T.C. Summary Opinion 2009-82

UNITED STATES TAX COURT

BARBARA K. AND ISHMIAL D. SWAFFORD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6946-08S.                    Filed May 27, 2009.

Barbara K. Swafford and Ishmial D. Swafford, pro sese.

<u>Nancy P. Klingshirn</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other
case.  Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $1,825 deficiency in petitioners' 2006 Federal income tax. The issues for decision are whether petitioners are entitled to a dependency exemption deduction and a child tax credit for D.V.[1]

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. When the petition was filed, petitioners resided in Ohio.

Ishmial D. Swafford (Mr. Swafford) fathered a child with Laura A. Vogel (Ms. Vogel). An agreed entry was filed with an Ohio State court, requiring Mr. Swafford to make certain child support payments. The agreed entry also provides that Mr. Swafford is entitled to claim D.V. as a dependent for Federal and State tax purposes in "even numbered years" if his child support payments are "current in full"; and if not, then Ms. Vogel is entitled to claim D.V. It sets forth Ms. Vogel's and Mr. Swafford's names and Social Security numbers. But Ms. Vogel did not sign the agreed entry. Rather, it was signed by Michael P. Kelly, "Attorney for [Mr. Swafford]"; Gayle Walker, Attorney for

---

[1]The Court refers to minor children by their initials. See Rule 27(a)(3). The evidence indicates that D.V. was 14 years old in 2006.

State of Ohio; John C. Korfhagen, Referee; and Stephanie Wyler, Judge.

Mr. Swafford's child support payments were "current in full" in 2006. Petitioners, therefore, claimed a dependency exemption deduction and a child tax credit for D.V. on their 2006 Form 1040, U.S. Individual Income Tax Return. Respondent, however, sent petitioners a notice of deficiency in which he disallowed the dependency exemption deduction and the child tax credit. Petitioners did not attach to their 2006 Form 1040 either Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or the agreed entry. Instead, petitioners provided respondent with a copy of the agreed entry in response to the notice of deficiency.

## Discussion

### I. Burden of Proof

The Commissioner's determinations in a notice of deficiency are presumed correct, and the burden of proof is on the taxpayer to prove that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). But the burden of proof on factual issues that affect a taxpayer's tax liability may be shifted to the Commissioner where the taxpayer introduces credible evidence with respect to the issue and the taxpayer has satisfied certain conditions. Sec. 7491(a). There is no dispute

as to any factual issue; accordingly, the case is decided by the application of law to the undisputed facts.

## II.  Dependency Exemption Deduction

Taxpayers may claim dependency exemption deductions for their dependents (as defined in section 152).  Sec. 151(c).  The term "dependent" means a qualifying child[2] or qualifying relative.[3]  Sec. 152(a).  But section 152(e)(1), in pertinent part, provides a general rule that limits the dependency exemption deduction as follows:  if the child received over one-half of his support during the calendar year from his parents who live apart at all times during the last 6 months of the calendar year and the child is in the custody of one or both parents for more than one-half of the calendar year, then the child is treated as the qualifying child or qualifying relative of the

---

[2]A qualifying child is defined as an individual who:
(1) Bears a certain relationship to the taxpayer, such as the taxpayer's child; (2) has the same principal place of abode as the taxpayer for more than one-half of the taxable year; (3) meets certain age requirements; and (4) has not provided over one-half of the individual's own support for the taxable year. Sec. 152(c)(1)-(3).

[3]A qualifying relative is defined as an individual:  (1) Who bears a certain relationship to the taxpayer, such as the taxpayer's child; (2) whose gross income for the taxable year is less than the exemption amount ($3,300 for 2006); (3) with respect to whom the taxpayer provides over one-half of the individual's support for the taxable year; and (4) who is not a qualifying child of the taxpayer or of any other taxpayer for the taxable year.  Sec. 152(d)(1) and (2).

noncustodial parent if certain requirements are met.[4]  The
requirements are met if:  (1) The custodial parent signs a
written declaration (in such manner and form as the Secretary may
prescribe) that the custodial parent will not claim the child as
a dependent for the taxable year; and (2) the noncustodial parent
attaches the written declaration to the noncustodial parent's
return for the taxable year.  Sec. 152(e)(2); sec. 1.152-4T(a),
Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31,
1984).

The written declaration may be made on a form provided by
the Internal Revenue Service or a document that conforms to its
substance.  Miller v. Commissioner, 114 T.C. 184, 190-191 (2000)
(citing section 1.152-4T(a), Q&A-3, Temporary Income Tax Regs.,
supra).  The written declaration is embodied in Form 8332, and it
incorporates the requirements of section 152(e)(2).  Id. at 190.[5]

In Miller v. Commissioner, supra at 191-195, the Court
stated that in order for the noncustodial parent to claim the
dependency exemption deduction, section 152(e)(2) clearly

---

[4]Sec. 152(e) applies to both married parents and parents who
have never been married to one another.  King v. Commissioner,
121 T.C. 245, 251 (2003).

[5]Form 8332 requires a taxpayer to furnish:  (1) The
children's names and the years for which exemption claims are
released; (2) the custodial parent's signature and the date
thereof; (3) the custodial parent's Social Security number; and
(4) the noncustodial parent's name and Social Security number.
Miller v. Commissioner, 114 T.C. 184, 190 (2000).

requires the custodial parent's release of the dependency exemption deduction by the signing of a written declaration to that effect. Simply attaching a State court order that was not signed by the custodial parent to the noncustodial parent's return does not satisfy the express requirements of section 152(e)(2). Id. at 196. The mere fact that the State court granted the taxpayer the right to claim the dependency exemption deduction is immaterial because a State court cannot determine issues of Federal tax law. Id.

The parties agree that Mr. Swafford is D.V.'s noncustodial parent. Petitioners' entitlement to the dependency exemption deduction for D.V. therefore turns on whether they have complied with the requirements of section 152(e)(2), notwithstanding that the agreed entry provides that Mr. Swafford may claim D.V. as a dependent in "even numbered years" if his child support payments are "current in full". See id. at 196.

The agreed entry does not conform to the substance of Form 8332 because it does not contain the signature of Ms. Vogel or the date thereof. See id. at 190; see also supra pp. 2-3 and note 5. In addition, neither the agreed entry nor a Form 8332 was attached to petitioners' 2006 Form 1040. See sec. 152(e)(2)(B); Miller v. Commissioner, supra at 190. In sum, petitioners have not complied with the requirements of section 152(e)(2) and therefore are not entitled to a dependency

exemption deduction for D.V.  Respondent's determination is sustained.

III.  <u>Child Tax Credit</u>

Taxpayers may claim a child tax credit for each qualifying child as defined in section 152(c) who is under age 17 and for whom the taxpayer may claim a dependency exemption deduction under section 151.  Sec. 24(a), (c)(1).

Because petitioners are not entitled to the dependency exemption deduction for D.V., they cannot claim a child tax credit for her.  See <u>id.</u>  Respondent's determination is sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.